IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO DENTRAY BATTLE, #250833, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CHRISTOPHER GORDY, *et al.*, )<br>)<br>Respondents. ) | Case No. 2:21-cv-576-RAH-SMD<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Antonio Dentray Battle (Battle), a state inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Battle challenges his murder conviction and resulting sentence entered in 2007 by the Circuit Court of Jefferson County, Alabama. For the following reasons, the undersigned recommends that Battle's petition be transferred to the United States District Court for the Northern District of Alabama.

**I.  DISCUSSION**

Battle challenges his conviction and sentence entered by the Circuit Court of Jefferson County, pursuant to which he is incarcerated in state prison. The proper vehicle for him to challenge his conviction and sentence is a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See, e.g.*, *Cook v. Baker*, 139 F. App'x 167, 169 (11th Cir. 2005). Thus, his petition for habeas corpus relief, although styled as one under 28 U.S.C. § 2241, should be construed as one filed under 28 U.S.C. § 2254.

Under 28 U.S.C. § 2241(d), Battle may bring a § 2254 petition in either: (1) the federal district court for the district wherein he is in custody (the Middle District of Alabama, where the Staton Correctional Facility is located); or (2) the federal district court for the district within which the state court that convicted and sentenced him was held (the Northern District of Alabama, where the Circuit Court of Jefferson County is located). Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced" the petitioner. 28 U.S.C. § 2241(d).

The matters complained of by Battle stem from his conviction and sentence entered by the Circuit Court of Jefferson County. The records and witnesses relating to these matters are likely to be located in Jefferson County. Therefore, this court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.

## II.   CONCLUSION

Accordingly, the undersigned RECOMMENDS that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

It is ORDERED that the parties shall file any objections to this Recommendation on or before **October 12, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous,

conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 28th day of September, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

3